IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

---

| | |
|---|---|
| FRANK WARBY, | ) **MEMORANDUM DECISION & ORDER** |
| | ) **DENYING HABEAS CORPUS PETITION** |
| Petitioner, | ) |
| | ) Case No. 2:10-CV-277 DB |
| v. | ) |
| | ) District Judge Dee Benson |
| STEVEN TURLEY, | ) |
| | ) |
| Respondent. | ) |

---

Petitioner, Frank Warby, an inmate at Utah State Prison, petitions for habeas corpus relief.[1]  The Court denies him.

BACKGROUND

Petitioner was convicted in Utah state court on two counts of first-degree-felony child sodomy, for which he was sentenced to consecutive terms of fifteen-years-to-life; one count of forcible sodomy, for which he was sentenced to a term of five-years-to-life; and one count of forcible sexual abuse, for which he was sentenced to a term of one-to-fifteen years.

His conviction was upheld in a Utah Court of Appeals memorandum decision.[2]  There, as worded in his brief, he brought but one challenge:  "THIS COURT SHOULD REVERSE BECAUSE THE TRIAL COURT ABUSED ITS DISCRETION BY INCORRECTLY CALCULATING THE NUMBER OF VICTIMS ENCOMPASSED BY ITS CONSECUTIVE SENTENCES ORDER AND BY INADEQUATELY CONSIDERING MR. WARBY'S HISTORY, CHARACTER, AND

---

[1] *See* 28 U.S.C.S. § 2254 (2012).

[2] *State v. Warby*, 2009 UT App 6U.

REHABILITATIVE NEEDS."  Petitioner then filed a certiorari petition in the Utah Supreme Court.  The supreme court summarily denied his petition.[3]

Here, Petitioner also raises the issue of the trial court's error in imposing consecutive sentences as to the two fifteen-to-life terms, but, instead of casting it as a breach of state statute as he did in the state courts, he asserts here that his federal constitutional rights were violated by the consecutive sentences.

The State responds to the petition, arguing that the issue is procedurally defaulted.  It correctly supports its argument by pointing out that Petitioner raised only state statutory bases for his contentions before the state courts, not the federal constitutional bases that are required for entree to federal court.  And, now, the State rightly contends, Petitioner is foreclosed from seeking any further relief on this issue in state court, culminating in procedural default.

ANALYSIS

In general, before Petitioner may seek review of a Utah conviction in federal court, he must exhaust all remedies in the Utah courts.[4]  This means Petitioner must properly present to the

---

[3]*State v. Warby*, 207 P.3d 432 (Utah 2009).

[4]*See* 28 U.S.C.S. § 2254(b) & (c) (2012); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Knapp v. Henderson*, No. 97-1188, 1998 WL 778774, at *2 (10th Cir. Nov. 9, 1998) (unpublished).

highest available Utah court the federal constitutional issues on
which he seeks relief.[5]  Here, Petitioner did not present his
federal constitutional issues to any state court, let alone the
highest court available, the Utah Supreme Court.

The United States Supreme Court has said that when a
petitioner has not exhausted "'his state remedies and the court
to which the petitioner would be required to present his claims
in order to meet the exhaustion requirement would now find the
claims procedurally barred' the claims are considered exhausted
and procedurally defaulted for purposes of federal habeas
relief."[6]

The sentencing issue Petitioner raises here is now
ineligible to be exhausted in the Utah courts.  Utah's Post-
Conviction Remedies Act (PCRA) states, "A person is not eligible
for relief under this chapter upon any ground that . . . could
have been but was not raised at trial or on appeal."[7]  The ground
Petitioner presents--federal constitutional violations in his
sentencing--could have been brought on appeal and is therefore
disqualified for state post-conviction relief now.  The Court

---

[5]*See Picard*, 404 U.S. at 275-76.

[6]*Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)).

[7]Utah Code Ann. § 78B-9-106(1) (2012); *cf. Hale v. Gibson*, 227 F.3d 1298, 1328 (10th Cir. 2000) ("Oklahoma bars collateral review of claims . . . that could have been raised on direct appeal but were not.  Accordingly, [petitioner] has defaulted his claim . . . .").

3

therefore applies the doctrine of "anticipatory procedural bar," which "'occurs when the federal courts apply [a] procedural bar to . . . [a] claim [not fairly presented to the state court] that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.'"[8]  Petitioner's sentencing issue is "thus considered exhausted and procedurally defaulted for purposes of habeas review."[9]

"This court may not consider issues raised in a habeas petition 'that have been defaulted in state court on an independent and adequate procedural ground[] unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice.'"[10]  Construing the petition liberally as it must, the Court infers that Petitioner possibly argues cause and prejudice to justify his procedural default.

"[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules."[11]  Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a *possibility* of

---

[8]*Robinson v. Davis*, No. 11-1525, 2012 U.S. App. LEXIS 3020, at *9 (10th Cir. Feb. 16, 2012) (unpublished) (alterations in original) (quoting *Anderson v. Sirmons*, 476 F.3d 1131, 1140 n.7 (10th Cir. 2007) (quotations omitted)).

[9]*Id.* at *10.

[10]*Thomas*, 218 F.3d at 1221 (alteration omitted) (citation omitted).

[11]*Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted).

prejudice, but that they worked to his *actual* and substantial disadvantage.'"[12]

Petitioner possibly asserts his lack of legal knowledge and education are circumstances satisfying the cause-and-prejudice standard.  However, Petitioner has not met his burden of showing that objective factors external to the defense hindered him in meeting state procedural demands.  Nor does he hint how he was *actually* and substantially disadvantaged.  Under Tenth Circuit case law, lack of legal resources and knowledge are circumstances that do not carry Petitioner's burden to show cause.[13]  Indeed, these are also factors *internal* to Petitioner's defense.

In sum, the Court determines Petitioner properly raised before the Utah courts none of the federal constitutional issues, regarding his consecutive sentences, brought here.  Because under state law those questions no longer qualify to be raised in Utah courts, the Court concludes that they are technically exhausted, barred by state procedural law, and procedurally defaulted in this federal habeas case.  Indeed, Petitioner has shown neither

---

[12]*Butler v Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

[13]*Gilkey v. Kansas*, No. 02-3227, 2003 WL 245639, at *2 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's *pro se* status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to previously raise claims).

cause and prejudice nor a fundamental miscarriage of justice to excuse his default.

CONCLUSION

Petitioner's claim regarding his consecutive sentences is procedurally barred.  IT IS THEREFORE ORDERED that this habeas corpus petition under § 2254 is DENIED.  This case is CLOSED.

DATED this 30th day of July, 2012.

BY THE COURT:

_____
DEE BENSON
United States District Judge